O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOYCE R. MOORER,                    )    NO. CV 10-09166-MAN
                                    )
              Plaintiff,            )
                                    )    MEMORANDUM OPINION
         v.                         )
                                    )    AND ORDER
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
              Defendant.            )
_____)

     Plaintiff filed a Complaint on November 30, 2010, seeking review of
the denial of plaintiff's application for a period of disability,
disability insurance benefits ("DIB"), and supplemental security income
("SSI").  On December 28, 2010, the parties consented, pursuant to 28
U.S.C. § 636(c), to proceed before the undersigned United States
Magistrate Judge.  The parties filed a Joint Stipulation on August 23,
2011, in which: plaintiff seeks an order reversing the Commissioner's
decision and awarding benefits or, alternatively, remanding for further
administrative proceedings; and the Commissioner requests that his
decision be affirmed or, alternatively, remanded for further
administrative proceedings.  The Court has taken the parties' Joint

1    Stipulation under submission without oral argument.

2

3                    **SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

4

5        On June 7, 2007, plaintiff filed an application for a period of

6    disability, DIB, and SSI.  (Administrative Record ("A.R.") 12.)

7    Plaintiff, who was born on March 19, 1951 (A.R. 17),[1] claims to have been

8    disabled since March 15, 2007 (A.R. 12, 16), due to "vision problems,

9    right thumb problem and high blood pressure (per testimony)" (A.R. 14).

10

11       Plaintiff's claim was denied initially and upon reconsideration

12   (A.R. 53-57, 62-66); plaintiff then requested a hearing (A.R. 68).  On

13   July 28, 2009, plaintiff, who was represented by counsel, appeared and

14   testified at a hearing before Administrative Law Judge Edward C. Graham

15   (the "ALJ").  (A.R. 19-48.)  Vocational expert Randi Hetrick also

16   testified.  On September 21, 2009, the ALJ denied plaintiff's claim

17   (A.R. 12-18), and the Appeals Council subsequently denied plaintiff's

18   request for review of the ALJ's decision (A.R. 1-4).  That decision is

19   now at issue in this action.

20

21                    **SUMMARY OF ADMINISTRATIVE DECISION**

22

23       The ALJ found that plaintiff has not engaged in substantial gainful

24   activity since May 15, 2007, the alleged onset date.  (A.R. 16.)  The

25   ALJ determined that plaintiff has the following severe impairments:

26   _____

27       [1]   On the date of the ALJ's decision, plaintiff was 58 years old,
     which is defined as a person of advanced age.  (A.R. 17; *citing* 20
28   C.F.R. §§ 404.1563, 416.963.)

"hypertension, right thumb arthralgia and cataract, right eye." (*Id.*)
He also determined that plaintiff does not have an impairment or a
combination of impairments that meets or equals one of the listed
impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§
404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (*Id.*)

After reviewing the record, the ALJ determined that plaintiff has
the residual functional capacity ("RFC") to perform medium work, as
defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), "with no frequent
fine manipulation and with avoidance of working at unprotected heights
or around dangerous moving machinery." (A.R. 17.)   The ALJ concluded
that, with this RFC and limitations, plaintiff would be able to perform
her past relevant work as a retail sales representative. (*Id.*)
Further, after considering plaintiff's age, education, work experience,
and RFC, as well as the testimony of the vocational expert, the ALJ
found that plaintiff could perform jobs in the national economy,
including laundry laborer, warehouse laborer, cleaner/housekeeper, sales
attendant, and outside deliverer. (*Id.*) Accordingly, the ALJ concluded
that plaintiff has not been disabled within the meaning of the Social
Security Act from May 15, 2007, the alleged onset date, through the date
of the ALJ's decision. (A.R. 17.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's
decision to determine whether it is free from legal error and supported
by substantial evidence in the record as a whole. <u>Orn v. Astrue</u>, 495
F.3d 625, 630 (9th Cir. 2007).   Substantial evidence is "'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance." <u>Connett v. Barnhart</u>, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Sec'y of Health and Hum. Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988); *see also* <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may review only the reasons stated by the ALJ in his or her decision "and may not affirm the ALJ on a ground upon which he [or she] did not rely." <u>Orn</u>, 495 F.3d at 630; *see also* <u>Connett</u>, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th

4

Cir. 2006)(*quoting* <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d at 679.

## DISCUSSION

Plaintiff claims that the ALJ did not consider her testimony regarding the use of her right hand properly. (Joint Stipulation ("Joint Stip.") at 4-8, 13-14.) Specifically, plaintiff claims that the ALJ failed to give clear and convincing reasons for rejecting her testimony that she is limited to no more than occasional gross manipulation with her right hand. (*Id.* at 7-8, 13-14.)

**I.   The ALJ Failed To Give Clear And Convincing Reasons For Rejecting Plaintiff's Testimony Regarding Her Alleged Limitation To No More Than Occasional Gross Manipulation With Her Right Hand.**

Once a disability claimant produces objective medical evidence of an underlying impairment that is reasonably likely to be the source of claimant's subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. <u>Moisa v. Barnhart</u>, 367 F.3d 882, 885 (9th Cir. 2004); <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 345 (9th Cir. 1991)(*en banc*); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." <u>Robbins</u>, 466 F.3d at 883. The factors to be considered in weighing a claimant's credibility include:   (1) the

1  claimant's reputation for truthfulness; (2) inconsistencies either in
2  the claimant's testimony or between the claimant's testimony and her
3  conduct; (3) the claimant's daily activities; (4) the claimant's work
4  record; and (5) testimony from physicians and third parties concerning
5  the nature, severity, and effect of the symptoms of which the claimant
6  complains.  *See* Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.
7  2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c).

8

9       An ALJ may not rely on a plaintiff's daily activities to support an
10  adverse credibility determination when those activities do not affect
11  the claimant's ability to perform appropriate work activities on an
12  ongoing and daily basis.  Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th
13  Cir. 1990).  The ALJ must evaluate the claimant's "'ability to work on
14  a *sustained* basis.'"  Lester v. Chater, 81 F.3d 821, 833 (9th Cir.
15  1995)(emphasis in original)(*citing* 20 C.F.R. § 404.1512(a)).  A claimant
16  need not be "utterly incapacitated to be eligible for benefits . . . and
17  many home activities are not easily transferable to what may be the more
18  grueling environment of the workplace, where it might be impossible to
19  periodically rest or take medication."  Fair v. Bowen, 885 F.2d 597, 602
20  (9th Cir. 1989).

21

22       The ALJ made no specific finding as to whether plaintiff's right
23  thumb arthralgia could reasonably be expected to produce the symptoms of
24  which she complains -- *to wit*, a limitation to not more than occasional
25  gross manipulation with her right hand.  However, based on the ALJ's
26  finding that this impairment is severe (A.R. 16) and the medical record,
27  which includes, *inter alia*, findings of tenderness to deep palpation at
28  the base of the right thumb, mild Heberden's nodes in several of the

distal interphalangeal joints, and basal arthralgia in the right thumb (A.R. 15), it appears that plaintiff's impairment could reasonably be expected to produce such symptoms.  Further, the ALJ cites no evidence of malingering by plaintiff.  Accordingly, the ALJ's reason for rejecting plaintiff's testimony must be clear and convincing.

In her Disability Reports, plaintiff stated that, with respect to her right hand, she has "severe stiffness and pain" (A.R. 154), a loss of mobility (*id.*), and "sensitivity to anything [she] touch[es]" (A.R. 164).  As a result, she experiences difficulty getting dressed, combing her hair, and shopping for the household.  (A.R. 157.)   In her Exertional Daily Activities Questionnaire, dated July 2, 2007, plaintiff indicated that all her activities have "slowed down" as a result of her allegedly disabling conditions.  (A.R. 132.)  Specifically, plaintiff noted that she cannot lift anything heavy, including "heavy laundry [and] groceries," and she cannot vacuum or mop.  (A.R. 132-33.)  She further indicated that her daughter does the grocery shopping, and her son's in-home service provider does the cleaning.  (A.R. 133.)

At the administrative hearing, plaintiff testified that she is right hand dominant, and that with respect to her right hand, she has swelling in her thumb as well as sensitivity from her wrist to the top of her thumb.  (A.R. 31-32.)  She also testified that she has no strength in her right hand and is unable to grasp, squeeze, or do anything strenuous.  (A.R. 31.)  Plaintiff further testified that her ability to pick up and carry objects is "[n]ot good" (A.R. 34), and she is unable to lift more than ten pounds (A.R. 35).  With respect to her daily activities, plaintiff testified that she cannot do much housework,

and her daughter assists her.  As for her hobbies and recreational activities, plaintiff testified that, while her life has "kind of slowed down," she does like plants, music, and going to church.  (A.R. 29.)

The ALJ found that plaintiff was not credible, because her pain testimony was "not consistent with the objective findings or the records as a whole."  (A.R. 15.)  Specifically, the ALJ found plaintiff to be not credible, because:  (1) "[t]here is no indication that [plaintiff's right thumb pain] is an extreme impairment and it certainly does not preclude occasional use"; (2) there is no documentation supporting plaintiff's severe limitations; (3) "[plaintiff] was treated for right thumb pain"; (4) plaintiff showed no outward signs of any physical or mental disability; and (5) plaintiff's "daily activities are . . . inconsistent with her allegations."  (A.R. 15.)

The ALJ's first ground for finding plaintiff to be not credible -- *to wit*, that "[t]here is no indication that [plaintiff's right thumb pain] is an extreme impairment and it certainly does not preclude occasional use" -- is not clear and convincing.  In his decision, the ALJ found that plaintiff has the severe impairment of right thumb arthralgia and, as a result, has the RFC to perform medium work with a restriction to, *inter alia*, "no frequent fine manipulation."  (A.R. 17.) While the ALJ included a restriction to no frequent fine manipulation, plaintiff testified that her right hand pain resulted in difficulties with gross handling as well -- *i.e.*, seizing, holding, grasping, and other activities involving the use of her whole hand.  In other words, plaintiff alleges that her right thumb arthralgia and resulting pain restrict her to occasional use of her right hand in both fine *and* gross

8

manipulation(s).  The ALJ proffers no specific reason to reject her testimony that she only can only occasionally perform gross manipulations with her right hand.  Indeed, the ALJ's statement that plaintiff's impairment does not preclude "occasional use" adds further support to plaintiff's allegations.  Accordingly, the ALJ's reasoning does not constitute a legally sufficient reason for rejecting plaintiff's testimony regarding her limitation to occasional gross handling.

The ALJ's second reason for rejecting plaintiff's testimony –- *to wit*, that there is no documentation supporting plaintiff's severe limitations -- is unpersuasive.  It is well established that the failure of the medical record to corroborate plaintiff's subjective symptom testimony fully is not, by itself, a legally sufficient basis for rejecting such testimony.  <u>Rollins v. Massanari</u>, 261 F.3d 853, 856 (9th Cir. 2001); <u>Bunnell</u>, 947 F.2d at 347 (noting that "[i]f an adjudicator could reject a claim of disability simply because [plaintiff] fails to produce evidence supporting the severity of the pain there would be no reason for an adjudicator to consider anything other than medical findings").  Accordingly, the ALJ's finding that there is no documentation supporting such severe limitations cannot, by itself, constitute a clear and convincing reason for rejecting plaintiff's testimony.  *See* <u>Varney v. Secretary</u>, 846 F.2d 581, 584 (9th Cir. 1988); <u>Cotten v. Bowen</u>, 799 F.2d 1403, 1407 (9th Cir. 1986); *see also* <u>Burch</u>, 400 F.3d at 681.

The ALJ's third reason for finding plaintiff to be not credible is equally unpersuasive.  The ALJ rejects plaintiff's testimony regarding

9

the limited use of her right hand, because plaintiff has been "treated for right thumb pain." (A.R. 15.)  While impairments that are treatable and/or controlled effectively with medication are not considered disabling, there is no evidence that plaintiff's "thumb pain" and resulting limitations have been effectively treated and/or controlled. Accordingly, the ALJ's reasoning cannot constitute a clear and convincing reason for finding plaintiff to be not credible.

The ALJ's fourth reason for finding plaintiff to be not credible -- *to wit*, that plaintiff showed no outward signs of any physical or mental disability -- is not clear and convincing.  As an initial matter, it is not permissible for the ALJ to rely solely on the claimant's appearance at the hearing (sometimes called "sit and squirm" jurisprudence). Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999); Perminter v. Heckler, 15 F.3d 870, 872 (9th Cir. 1985).  Moreover, at the administrative hearing, plaintiff specifically showed the ALJ the swelling in her thumb area.  (A.R. 31.)  As plaintiff's impairment is arthralgic -- *i.e.,* pertaining to the joints -- it is unclear what other "outward signs," if any, would be present.  Accordingly, the ALJ's reasoning cannot constitute a clear and convincing reason for rejecting plaintiff's testimony regarding her limitation to occasional gross manipulation with her right hand.

The ALJ's last reason for finding plaintiff to be not credible -- *to wit,* that plaintiff's daily activities are inconsistent with her allegations -- is neither clear nor convincing.  Although the ALJ does not specify this, it appears that he finds plaintiff's testimony that she has knee and right thumb pain and can only lift 10 pounds, walk for

one block, and sit for one hour at a time to be inconsistent her testimony that she does light housework, attends church services, and enjoys "listening to music and planting."[2]   (A.R. 15.)   Critically, however, the ALJ fails to discuss the manner in which plaintiff performs some of these activities.  For example, plaintiff indicated, in both her testimony and daily activities questionnaire, that she receives help when performing activities such as cleaning and shopping.  Plaintiff also indicated in her questionnaire that, as a result of her limitations, she cannot vaccumm, mop, or lift heavy laundry and groceries.  She also stated that her activities have "slowed down" as a result of her various limitations.

Accordingly, contrary to the ALJ's finding, plaintiff's daily activities do not appear to contradict her asserted limitations. Moreover, and significantly, the ALJ fails to explain how plaintiff's minimal daily activities and household chores translate into the ability to perform *sustained* work.  *See* Fair, 885 F.2d at 602 (noting that "many home activities are not easily transferable to what may be the more grueling environment of the workplace"); *see also* Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)(noting that "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercises, does not in any way detract from [plaintiff's] credibility as to her overall disability").  Accordingly, the ALJ's last reason for rejecting plaintiff's testimony regarding her limitations in her right hand is

_____

[2]    Although the ALJ states that plaintiff enjoys "planting," plaintiff only testified that she "like[s] plants."  (A.R. 29.)

11

1  neither clear nor convincing.[3]

2

3      Accordingly, for the aforementioned reasons the ALJ failed to give

4  clear and convincing reasons, as required, for finding plaintiff to be

5  not credible.  This constitutes error.

6

7  **II. <u>Remand Is Required</u>.**

8

9      The decision whether to remand for further proceedings or order an

10 immediate award of benefits is within the district court's discretion.

11 <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no

12 useful purpose would be served by further administrative proceedings, or

13 where the record has been fully developed, it is appropriate to exercise

14 this discretion to direct an immediate award of benefits.  *Id.* at 1179

15 ("[T]he decision of whether to remand for further proceedings turns upon

16 the likely utility of such proceedings.").  However, where there are

17 outstanding issues that must be resolved before a determination of

18 disability can be made, and it is not clear from the record that the ALJ

19 would be required to find the claimant disabled if all the evidence were

20 properly evaluated, remand is appropriate.  *Id.* at 1179-81.

21

22     Remand is the appropriate remedy to allow the ALJ the opportunity

23 to remedy the above-mentioned deficiencies and errors.  *See*, *e.g.*,

24 <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004)(remand for

25 _____

26      [3]    In discussing plaintiff's daily activities, the ALJ also notes
   that plaintiff "does not appear to be too motivated to work."  (A.R.
27 15.)  While the ALJ's opinion regarding plaintiff's motivation to work
   is entitled to some deference, this reason alone is not sufficient to
28 reject plaintiff's testimony.

further proceedings is appropriate if enhancement of the record would be useful); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989) (remand appropriate to remedy defects in the record).[4]  On remand, the ALJ must revisit plaintiff's testimony regarding her limitation to occasional gross handling and must either credit plaintiff's testimony or give clear and convincing reasons why plaintiff's testimony is not

---

[4]   Plaintiff has requested that this Court credit her testimony as true and remand for the payment of benefits and/or further administrative proceedings.

In the Ninth Circuit, courts have the discretion to "credit as true" the testimony of claimants when the ALJ has failed to provide legally sufficient reasons for rejecting the same. *See, e.g.,* <u>Connett</u>, 340 F.3d at 876 (holding that "[i]nstead of being a mandatory rule, we have some flexibility in applying the 'credit as true' theory").  In cases where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, applying the "credit as true" rule is appropriate. <u>Vasquez v. Astrue</u>, 572 F.3d 586, 593 (9th Cir. 2009).

Here, if plaintiff's testimony as to her limitation to occasional gross manipulation with her right hand were credited as true, it is unclear whether plaintiff would be considered disabled under the Social Security Act.  At the hearing, plaintiff's counsel asked the vocational expert whether plaintiff could perform her past work if she were restricted to occasional gripping and grasping. (A.R. 45-46.)  In response, the vocational expert opined that plaintiff could perform her past work as a child monitor, because the job only required occasional handling.  (*Id.*)  However, at the same hearing, the ALJ stated that plaintiff's prior job as a child monitor "isn't SGA."  (A.R. 47.)  Because past relevant work must be substantial gainful activity -- *i.e.*, SGA -- the vocational expert's testimony that plaintiff could perform her prior work, which is not past relevant work, does not appear to be relevant.  20 C.F.R. §§ 404.1560, 416.960 (noting that "[p]ast relevant work is work that you have done within the past 15 years, that was *substantial gainful activity*, and that lasted long enough for you to learn to do it")(emphasis added).  Further, the vocational expert gave no testimony regarding plaintiff ability to perform other work assuming, *inter alia*, a limitation to occasional gripping and grasping.  As such, it is unclear what work, if any, plaintiff can perform assuming a limitation to no more than occasional gross handling.

Accordingly, because it is unclear whether plaintiff's testimony, if credited as true, would require a finding of disability, the Court declines to credit her testimony as true.

credible.  After so doing, the ALJ may need to reassess plaintiff's RFC, in which case, testimony from a vocational expert likely will be needed to determine what work, if any, plaintiff can perform.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  December 20, 2011

_____
            MARGARET A. NAGLE
    UNITED STATES MAGISTRATE JUDGE

14